OPINION·

## UNION JOINT STOCK LAND BANK OF DETROIT v BYERLY

Ohio Appeals, 2nd Dist, Madison Co

No 130.   Decided May 13, 1937

Ralph G. Martin, Columbus, and Martin P. Cary, Columbus, for appellee.

Elmer McClain, Lima, for appellant, Carl Byerly.

By BARNES, PJ.

The above-entitled cause is now being determined on motion of appellee to dismiss defendant's appeal on the claimed ground that this court was without jurisdiction because of the failure of appellant to perfect his appeal within time prescribed by law.

· The following short summary of facts will render understandable the nature of the controversy and the manner in which the present question arises.

On October 19, 1933 plaintiff brought its action in the Court of Common Pleas of Madison County, Ohio, seeking judgment against the defendant, Carl Byerly on a promissory note and the foreclosure of the mortgage securing the same. On April 26, 1934 personal judgment was entered, together with order for foreclosure.

Following the judgment and order of foreclosure the defendant, Byerly, filed in the U. S. District Court, Columbus, Ohio, his petition seeking relief as provided under §75 of the U. S. Bankruptcy Law. The claim is made that the Federal Court issued an injunction restraining the Common Pleas Court of Madison County from proceeding further with the foreclosure proceedings, After the case had remained dormant for something like a year the defendant dismissed his petition filed in the District Court. Plaintiff caused a copy of the order of dismissal in the Federal Court to be filed in the Common Pleas Court of Madison County. Prior to the injunction issuing from the Federal Court the premises secured by mortgage had been sold by the sheriff of Madison County. The sale was had on November 24, 1934. Following the dismissal of defendant's petition in ' the Federal Court the Court of Common Pleas, upon motion of plaintiff on September 10, 1935, confirmed the sale and ordered distribution. On the same day the sheriff executed and delivered his deed to the purchaser, being the plaintiff, which was recorded on September 11, 1935. On September 24, 1935 the defendant appellant filed a motion in the Common Pleas Court asking that the confirmation of sale and sheriff's deed be set aside on the claimed ground that the court did not have jurisdiction to make the order. The motion sets out at great length that the defendant's dismissal of his petition in the Federal Court was brought about by misrepresentation and fraud on the part of the plaintiff or its counsel and that on the ·21st

day of September, 1935, said action in the Federal Court was reinstated.

Appellant's motion was heard October 30, 1936. On November 4, 1936 the Common Pleas Court entered its order overruling the motion. On November 14, 1936 the court overruled two motions for new trial, one filed November 2 and the other November 6, 1936. Notice of appeal was filed December 2, 1936.

It is the contention and claim of plaintiff appellee that the final order from which error might have been prosecuted was the order and judgment of September 10, 1935, confirming the sale and ordering deed; that defendant's motion to set aside the court's order and judgment of confirmation was no more than a motion for new trial and then calls attention to and cites authorities supporting the well-recognized rule that the sustaining or overruling of motion for new trial is not a final order. Counsel for appellant, while admitting that the order and judgment of confirmation and order of sale was a final order from which error proceedings might have been prosecuted, yet earnestly urges that it was not the only final order from which an appeal might be taken.

Sec 12223-2 GC is cited, together with several decisions of the Ohio Supreme Court citing and construing the above section, being formerly §12258 GC. The section reads as follows:

"Sec 12223-2 GC. WHAT IS A FINAL ORDER. An order affecting a substantial right in an action when in effect it determines the action and prevents a judgment, and an order affecting a substantial right made in a special proceeding, or upon a summary application in an action after judgment is a final order which may be reviewed, affirmed, modified or reversed with or without retrial as provided in this title."

The pertinent query now presented is whether or not defendant's motion to set aside the court's former order confirming sale and ordering deed was an authorized summary application in the action after judgment. The Supreme Court of Ohio in several instances has held that the overruling of a motion to set aside the court's former judgment is a final order and reviewable. It is also well recognized that this procedure may not be ▮▮▮▮▮▮ followed in all cases. It may not be invoked for errors apparent upon the record where full and adequate relief may be obtained without bringing into the record any or additional facts. We find the subject discussed in Volume 23, Ohio Jurisprudence, under the title "Judgments," §§1065 to 1083, inclusive. §§1075, 1076, 1077 and 1078 are particularly applicable.

"Irregularity in obtaining a judgment has been held to constitute grounds sufficient for the vacation of a former judgment and upon motion, if made during same term."

"An irregularity within the meaning of the statute under consideration is a departure in legal procedure from acts which are regular."

"Absence of jurisdiction of the court which rendered the judgment is an irregularity in obtaining it, and constitutes sufficient ground for its vacation by such court."

The following cases show instances where the Supreme Court recognizes that rulings on motions to set aside judgment are final orders and reviewable. In Cox v Cox, 104 Oh St 611, the trial court overruled plaintiff's motion to set aside former judgment dismissing petition for divorce. The Court of Appeals found that it was without jurisdiction to review, affirm or reverse the order of the Common Pleas Court for the reason that said order dismissing the motion was not a judgment. The Supreme Court overruled the decision of the Court of Appeals and remanded the case with instructions to entertain jurisdiction and consider and determine the question.

In Marsden v Soper, 11 Oh St 503, the defendants sought by motion to vacate the judgment against them. The court in commenting on the case gave voice to the following:

"They are not obliged to proceed by motion but might have resorted to proceedings in error, in the first instance, but they chose to appeal and move to vacate the judgment. This they may properly do either on the alleged ground of a want of jurisdiction or alleged irregularity or error outside of the question of jurisdiction."

The Supreme Court recognized the propriety of this procedure, although the case finally turned on another question.

Cushman v Welsh, 19 Oh St 536. Error proceedings were based on order of Common Pleas Court to set aside the judgment rendered upon a warrant of attorney. The ground of the motion was the alleged want

of jurisdiction of the trial court. Claimed want of jurisdiction was sustained and the overruling of motion to set aside judgment recognized as a final order.

In **Haley v Hanna, 93 Oh St 49**, motion was filed during term to vacate final order for the claimed reason that defendant had not been summoned. Of course, this was attacking the jurisdiction of the court to enter judgment in the first instance. The Supreme Court overruled the Court of Appeals and held that the trial court had no jurisdiction to enter judgment and held that the same was erroneous.

In the instant case it is sought to raise the issue that the order and judgment of the trial court confirming sale and ordering deed was null and void. The contention that the judgment was void was based on the decision of the U. S. Circuit Court of Appeals in the case of Hoyd v Citizens National Bank. No. 7112, wherein it was decided that after filing of a petition under §75 of the Bankruptcy Act in the Federal Court, all proceedings in a foreclosure case pending in a state court were absolutely void, unless the procedure prescribed in sub-section (O) of §75 is strictly complied with.

In the instant case it appears that the petition filed in the Federal Court invoking the provisions of §75 of the Bankruptcy Act was dismissed by defendant prior to the entering of judgment of confirmation in the Common Pleas Court. This is a complete answer to the contention of counsel for defendant, unless the claimed reinstatement of the petition in the Federal Court would demand a different rule.

The motion makes the claim that the dismissal of plaintiff's petition was procured by misrepresentation. Whether or not this claimed misrepresentation is of such character as to constitute fraud really goes to the merits and is not involved in the determination of this motion.

The only question that we have to determine is whether or not the motion to set aside the judgment of confirmation was a final order from which an appeal might be taken. Many of the questions that are discussed in the briefs go to the merits of the controversy. At this time we in no sense base our conclusions upon the merits, although we have before us the full transcript of the evidence, taken on the hearing of the motion.

Considering the question solely as to the correctness of the procedural step we determine that the motion to dismiss must be overruled. This is based on the ground that appellant claims the judgment of the Common Pleas Court to be void because of the proceedings in the Federal Court. Of course, if the judgment was void it follows that the trial court had no jurisdiction to make it. If the court entered judgment without jurisdicion, this is an irregularity. These claimed irregularities were no part of the record at the time the trial court entered his order of confirmation. They were only brought into the record by the motion to set aside the judgment and the evidence introduced in support thereof. There may be a very serious question as to whether or not the motion considered in its most favorable light would warrant any relief being granted to the appellant. In other words, the motion might be subject to a general demurrer. If we were definitely committed to this conclusion we might overrule the motion on this ground alone. This we decline to do for the reason that we want to consider the question on the merits after the same has been fully briefed.

As indicated above, the motion to dismiss the appeal will be overruled.

HORNBECK and GEIGER, JJ, concur.